[6 NYS3d 653]

In the Matter of ELLIOT N. IFRAIMOFF (Admitted as ELCHIN N. IFRAIMOV), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 22, 2015

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel) for petitioner.

*Michael S. Ross*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated May 14, 2013. Following a pretrial conference on February 20, 2014, and a hearing held on April 4, 2014, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and appropriate. The respondent has submitted papers in support of the motion to confirm, and contends that a public censure is the appropriate sanction.

Charge one alleges that the respondent engaged in a pattern of failing to safeguard funds as a fiduciary, on behalf of clients, in violation of former Code of Professional Responsibility DR 9-102 (a) and (b) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a], [b]; 1200.3 [a] [7]). From in or about January 2008 through in or about April 2009, the respondent received payment, on approximately 45 occasions, from litigation funding companies on behalf of clients. Those payments were routinely deposited, by wire transfer or intra-bank transfer, into a nonescrow account, specifically an operating account at JPMorgan Chase Bank under the name of "Elliot Ifraimoff & Associates PC."

Charge two alleges that the respondent testified falsely under oath and provided misleading records to the Grievance Committee, in violation of rule 8.4 (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Rodney Smith filed

a complaint of professional misconduct against the respondent. At an examination under oath at the Grievance Committee's offices on May 18, 2012, the respondent testified that the deposit of $15,000 received from Peachtree Funding Northeast, LLC (hereinafter Peachtree), a litigation funding company, on behalf of Mr. Smith into a nonescrow account, specifically his operating account, was an isolated mistake on the part of his office. The respondent knew or should have known that it was his standard office practice to direct litigation funding companies to deposit client funds directly into his operating account. At the examination, the respondent was asked to provide copies of his bank statements for his operating account for the period from July 2008 through October 2008. On or about July 5, 2012, the respondent provided to the Grievance Committee copies of bank statements from which all deposits and additions had been redacted. The respondent knew that the redacted portions showed numerous deposits of proceeds from litigation funding companies into his operating account.

Charge three alleges that the respondent failed to deliver to his client, or use for the client's benefit, funds received as a fiduciary, in violation of former Code of Professional Responsibility DR 9-102 (c) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [c]; 1200.3 [a] [7]). On or about February 14, 2007, Rodney Smith retained the respondent to commence a personal injury action on his behalf. During the course of that representation, on or about July 22, 2008, Mr. Smith signed a contract with Peachtree, in which he pledged an interest in his case to Peachtree in exchange for the sum of $15,000. On or about July 23, 2008, the $15,000 for Mr. Smith was wired by Peachtree to the respondent's operating account. The respondent failed to advise Mr. Smith that he was in possession of those funds. The respondent failed to either use those funds for Mr. Smith or for Mr. Smith's benefit, or to turn them over to Mr. Smith. The respondent did not turn over those funds to Mr. Smith until Mr. Smith filed a complaint against him with the Grievance Committee in or about June 2010.

In view of the evidence adduced, and the respondent's admissions to both the allegations and the charges in their entirety, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

At the disciplinary hearing, the respondent sought only to present mitigation evidence, as follows:

With respect to charge one, the respondent acknowledged at the hearing that it was a serious error on his part not to recognize that funds received from third-party litigation funding sources should have been segregated and deposited into his attorney escrow account. He pointed out that such funds, although wrongly deposited into his operating account, were disbursed properly. He also pointed out that he had ceased the practice of obtaining third-party litigation funding altogether by late 2009, long before the filing of the complaint against him and the commencement of the Grievance Committee's investigation. It should be noted in this regard that the Special Referee specifically found that the respondent did not intend to misappropriate or steal funds.

As for charge two, the respondent admitted that he provided the Grievance Committee with doctored bank statements, but that he did so in a moment of "panic." He acknowledged it was a "horrible mistake" to have redacted his bank records.

As for charge three, the respondent attributed the delay in delivering the subject funds to his client, in essence, to law office failure. He asserted that, once apprised of the error, he reimbursed his client, plus interest for the period of delay. The respondent further argued that the competency of his representation was not at issue.

In mitigation, the respondent asks that the following factors be considered: (1) the aberrational and isolated nature of his misconduct in an otherwise law-abiding and ethical life; (2) his full acceptance of responsibility for his misconduct and his sincere expression of deep remorse and contrition; (3) the fact that he has learned from his mistakes and presents no risk of engaging in misconduct in the future; (4) the deeply personal issues surrounding his divorce at the time of the escrow-related misconduct; (5) his impressive personal and professional background, including his diligent and commendable efforts to achieve professional success after coming to this country as an immigrant in his teenage years; (6) his charitable contributions, including his provision of free legal services to members of his community and the volunteering of his time and donation of his financial resources to his local synagogue and to such organizations as St. Jude's Children's Research Hospital; and (7) his excellent reputation amongst those who know him for being an honest, ethical, and compassionate attorney.

Notwithstanding the above mitigating factors, the respondent provided doctored bank statements to the Grievance Com-

mittee to cover up his false testimony. This conduct was intentional and deliberate. The Court considers this conduct to be an aggravating factor.

Under the circumstances of this case, weighing both the mitigating factors and the aforementioned aggravating factor, we conclude that the respondent's misconduct warrants his suspension from the practice of law for a period of six months.

Eng, P.J., Mastro, Rivera, Skelos and Hinds-Radix, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Elliot N. Ifraimoff, admitted as Elchin N. Ifraimov, is suspended from the practice of law for a period of six months, commencing May 22, 2015, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement one month prior to the expiration of that period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Elliot N. Ifraimoff, admitted as Elchin N. Ifraimov, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Elliot N. Ifraimoff, admitted as Elchin N. Ifraimov, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Elliot N. Ifraimoff, admitted as Elchin N. Ifraimov, has been issued a secure pass by the Of-

fice of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).